IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HOPE M.,

    Claimant,

    v.

FRANK BISIGNANO, *Commissioner of Social Security*,

    Respondent.

Case No. 4:24-cv-136

## ORDER

Claimant Hope M. appealed a decision by the Social Security Administration denying her request for supplemental security income under the Social Security Act, then moved for summary judgment. ECF Nos. 1, 11. Before the Court is an unopposed report and recommendation (R&R), in which the Honorable Lawrence R. Leonard, United States Magistrate Judge, recommended that the Commissioner's decision be affirmed and this matter be dismissed with prejudice. ECF No. 16.

Judge Leonard advised the parties of their rights to object to his findings and recommendations and explained that failure to timely object would result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. ECF No. 16 at 14 (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F. 2d 91 (4th Cir. 1984)). The time to file an objection has expired, and neither party objected to the report and recommendation.

In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The Court has reviewed Judge Leonard's findings and recommendations and found no clear error.[1] Accordingly, the report and recommendation (ECF No. 14) is **ADOPTED.**

---

[1] Judge Leonard reasoned, in part, that the Administrative Law Judge was not obligated to account for or explain "mild limitations" when assessing the claimant's residual functional capacity (RFC). ECF No. 16 at 11. This Court has previously explained its view that binding decisional law in the Fourth Circuit does not support a distinction between mild and moderate limitations in the context of reviewing the RFC determinations. *Jackie A. v. Bisignano*, No. 2:24-cv-665, 2025 WL 3281843, at *2 n.2 (E.D. Va. Nov. 25, 2025) (explaining that the Fourth Circuit has consistently cited *Mascio* for the rule that an ALJ must consider *all* medically determinable impairments) (citing *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019); *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also Mascio*, 780 F.3d at 635 ("To make [the RFC] assessment, the ALJ must 'consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)).

However, given the common practice in this District of distinguishing between mild and moderate impairments in this context, Judge Leonard's reasoning is not clearly erroneous or contrary to law. *See Younger v. Berryhill*, No. 2:18-cv-182, 2019 WL 3432771, at *5 (E.D. Va. June 21, 20219) ("*Mascio* does not appear to require that an ALJ provide an explanation when a plaintiff's mild limitations fail to result in limitations in the RFC."); *see also id.*, at *5 n.5 (rejecting other courts' reasoning extending *Mascio* to mild limitations).

Even if reliance on the mild-moderate limitation distinction *were* clear error, Judge Leonard separately concluded that the ALJ adequately explained his reasoning with respect to the claimant's mild limitations. ECF No. 16 at 12–13. The Court finds that rationale independently sufficient to adopt the R&R.

The Commissioner's decision is **AFFIRMED**.

The claimant's motion for summary judgment (ECF No. 11) is **DENIED**.

This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Newport News, Virginia
January 23, 2026